**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
BEATRICE E. WATTS,             )
                               )
            Plaintiff,         )
                               )
      v.                       )    Civil Action No. 12-1542 (EGS)
                               )
PENSION BENEFIT GUARANTY       )
CORPORATION, et al.,           )
                               )
            Defendants.        )
_____)
```

**MEMORANDUM OPINION**

Pending before the Court is defendant Pension Benefit Guaranty Corporation's ("PBGC") motion to dismiss the complaint for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  For the reasons explained below, defendant's motion is **GRANTED**.

Plaintiff Beatrice E. Watts filed this action in the United States District Court for the District of New Jersey on September 7, 2011.  The complaint seeks a declaratory judgment that plaintiff is the rightful beneficiary of the surviving spouse pension benefits of Monroe Watts, a deceased participant in the Delphy Hourly-Rate Employees Pension Plan (the "Plan").  It asks the Court to compel PBGC to pay plaintiff surviving spouse benefits and deny such benefits to defendant Ruby Manning, the former spouse of Monroe Watts and to whom Mr. Watts was married at the time of his retirement.

On September 17, 2012, the case was transferred to this Court

from the District of New Jersey.  On September 27, 2012, the Court directed the parties to submit a joint status report, including a recommendation for further proceedings.  On October 10, 2012, PBGC filed a status report that was not signed by any other party, stating that plaintiff's counsel indicated he intended to withdraw from the case and that plaintiff indicated she did not intend to pursue the litigation further.  On November 8, 2012, PBCG filed the pending motion to dismiss for lack of prosecution.  In the motion, PBGC argued that plaintiff had not appeared in the case either through counsel or *pro se*, and that the case should be dismissed pursuant to Rule 41(b).

Shortly after the motion to dismiss was filed, the Court received a letter from plaintiff's former counsel, Steven W. Griegel, who had represented plaintiff prior to the transfer of the case to this Court.  In the letter, Mr. Griegel indicated that plaintiff intended to pursue the matter further but was having difficulty obtaining counsel in the District of Columbia.  He requested on plaintiff's behalf that the motion be stayed until February 1, 2013 to enable plaintiff to obtain legal counsel.  The Court agreed, and entered an order on December 18, 2012 directing plaintiff to enter her appearance in the case, either *pro se* or through counsel, by February 1, 2013.  Plaintiff called the Court on December 19, 2012 and asked that her case not be dismissed. Plaintiff did not, however, enter an appearance either through counsel or *pro se* by February 1, 2013.  Several months later, and

out of an abundance of caution, the Court entered a so-called Fox/Neal Order on May 6, 2013 advising plaintiff that her failure to respond to the pending motion to dismiss could result in the dismissal of the case.  To date, plaintiff has not entered an appearance in the case and has not responded to the motion to dismiss.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Here, plaintiff has failed to appear in the case either *pro se* or through counsel, though plaintiff is aware of the pending action and has been warned twice by the Court that her failure to appear in the case or respond to the motion to dismiss would result in dismissal of her case.  Accordingly, the Court finds that it is appropriate to dismiss plaintiff's claims against PGBC pursuant to Rule 41(b) for failure to prosecute.  The Court will also dismiss plaintiff's claims against defendant Ruby Manning for failure to prosecute.  *See Angelino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (holding that district courts "have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order.").  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
         **United States District Judge**
         **June 11, 2013**